**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BRANT BERRY,**

  **Plaintiff,**

 v.

**FUN TIME POOL AND SPA,
INCORPORATED,** *et. al.,*

  **Defendants.**

**Case No. 2:20-cv-1610
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

  The matter before the Court is Plaintiff Brant Berry's ("Plaintiff") Motion for Default Judgment against Defendants Fun Time Pool and Spa Incorporated, Allen Smith, and Mark Durgin (collectively "Defendants") (ECF No. 12). Defendants have not opposed Plaintiff's motion. For the following reasons, Plaintiff's Motion for Default Judgment (ECF No. 21) is **GRANTED**.

**I.**

  Plaintiff filed this case against Defendants on March 28, 2020. The Complaint asserts one count of failure to pay overtime under the Fair Labor Standards Act ("FLSA") and one count of failure to pay overtime under Ohio Revised Code § 4111.01. (*See* Compl., ECF No. 1.) Plaintiff moved for, and obtained, an entry of default against Defendants when Defendants failed to answer or otherwise respond to Plaintiff's Complaint. (*See* Entry Default, ECF No 9.) Since the entry of default, Defendants have still not answered or otherwise responded. As such, Plaintiff now requests that the Court grant default judgment against Defendants on all claims. (*See* Mot. Default J., ECF No. 21.)

Because of the default entry, the Court takes Plaintiff's allegations regarding liability as true. *See DT Fashion LLC v. Cline*, No. 2:16-cv-1117, 2018 WL 542268, at *1 (S.D. Ohio Jan. 24, 2018). The Court relates those allegations below.

Defendant Fun Time Pool and Spa, Inc. is a corporation owned by Defendants Allen Smith and Mark Durgin. (*Id.* ¶¶ 7, 10, 12.) Defendants are employers within the meaning of the FLSA because they had the authority to hire and fire employees, supervise and control schedules or conditions of employment, determine the rate and method of pay, and maintain employment records. (*Id.* ¶¶ 9, 11, 13.)

Plaintiff worked for Defendants from June of 2019 through January of 2020. (*Id.* ¶ 26.) Plaintiff performed general labor and other non-exempt tasks such as shoveling, operating a skid steer, concrete work, and pool installation. (*Id.* ¶ 28.) Defendants paid Plaintiff an hourly rate of $20 per hour regardless of how many hours per week Plaintiff worked. (*Id.* ¶¶ 27, 30.) Plaintiff worked between 50 and 60 hours each week and as many as 70 hours. (*Id.* ¶¶ 39–40.)

Defendants classified Plaintiff as an independent contractor but treated Plaintiff as an employee. (*Id.* ¶ 31.) Defendants paid, supervised, directed, disciplined, and scheduled Plaintiff, as an employer would. (*Id.* ¶ 31.) Importantly, Defendants controlled when, where, and how Plaintiff performed his work. (*Id.* ¶¶ 32, 35.)

As a result of Defendants failure to pay Plaintiff overtime, Plaintiff alleges they violated 29 U.S.C. § 207(a) and Ohio Revised Code § 4111. (*Id.* ¶¶ 42–43.) Plaintiff seeks a total of $15,750.00. (*Id.* at 3.) For support, Plaintiff submits his own affidavit attesting to the amount owed based on the overtime hours he worked. (*Id.* at Ex. 1.)

## II.

Federal Rule of Civil Procedure 55 "contemplates a two-step process in obtaining a default judgment against a defendant who has failed to plead or otherwise defend." *Columbus Life Ins. Co. v. Walker-Macklin*, No. 1:15-cv-535, 2016 WL 4007092, at *2 (S.D. Ohio July 26, 2016). First, a plaintiff must request an entry of default from the Clerk of Courts. Fed. R. Civ. P. 55(a). Upon the Clerk's entry of default, "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.'" *United States v. Parker-Billingsley*, No. 3:14-cv-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015) (quoting *Broad, Music, Inc. v. Pub Dayton, LLC*, No. 3:11-cv-58, 2011 WL 2118228, at *2 (S.D. Ohio May 27, 2011)).

A party that is in default for failure to file an answer is deemed to have admitted all of the material allegations in the complaint. *See* Fed. R. Civ. P. 8(D). Here, default has properly been entered against Defendants and thus, they are deemed to have admitted that they failed to pay Plaintiff overtime in accordance with both federal and state law. The Court finds the Complaint sufficiently establishes liability for each of these claims. Thus, Plaintiff's motion with regard to liability is **GRANTED**. The Court moves to Plaintiff's request for damages.

## III.

Even when a Plaintiff's well-plead allegations have established liability, the plaintiff "must still establish the extent of damages." *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (internal citations omitted). If the plaintiff's claims are not for "a sum certain or a sum that can be made certain by computation," the plaintiff must then apply to the Court for a default judgment. Fed. R. Civ. P. 55(b). "Thus, while liability may be shown by well-pleaded allegations, the district court must conduct an inquiry in order to ascertain the amount of damages with

3

reasonable certainty." *DT Fashion LLC v. Cline*, 2:16-cv-117, 2018 WL 542268, at *2 (quoting *Parker-Billingsley*, 2015 WL 4539843 at *1).

Rule 55(b)(2) provides that a district court "may" hold a hearing on a motion for default judgment when necessary to "conduct an accounting," or "determine the amount of damages." In other words, the Rule, "by its terms, allows but does not require the district court to conduct an evidentiary hearing." *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t was not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.")); *Parker-Billingsley*, 2015 WL 4539843 at *1 (noting that a court may determine damages without holding an evidentiary hearing if the damages are "capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits"). The Court finds an evidentiary hearing unnecessary in this case.

Plaintiff asserts violations of the FLSA and Ohio law. Ohio law incorporates the FLSA's definitions, standards, and principles for its overtime compensation provisions.[1] Ohio Const. Art. II, § 34a; Ohio Rev. Code §§ 4111.02–03. Accordingly, the claims for damages may be analyzed together. *See Thomas v. Speedway Super Am., LLC*, 506 F.3d 496, 501 (6th Cir. 2007).

First, the Court will look to whether all Defendants should be liable for any proven damages in this case. "The issue of joint employment for the FLSA 'depends upon all facts in the particular case.'" *Keeton v. Time Warner Cable,* No. 2:09-CV-1085, 2010 WL 2076813, at *2 (S.D. Ohio May 24, 2010) (citing 24 C.F.R. § 791.2(a)). "Recognizing the inclusive and expansive nature of the definition of 'employer' as set forth in the FLSA; courts have accorded 'joint employer status' to two or more entities or individuals, when each independently satisfies the definition of employer

---

[1] There is one exception. Ohio law permits the recovery of overtime wages but does not provide for liquidated damages. *See* Ohio Rev. Code § 4111.10(A).

4

as articulated by the FLSA." *Heard v. Nielson*, No. 1:16-cv-1002, 2017 WL 2426683, at *2 (S.D. Ohio June 2, 2017) (citing *see* 29 U.S.C. § 791.2 (2015)); *see also Mitchell v. Chapman*, 343 F. 3d 811, 827 (6th Cir. 2003) (noting all joint employers are responsible, both individually and jointly, for compliance with the terms of the FLSA including those regulating overtime).

The Sixth Circuit has established "four factors in determining whether two [individuals] are joint employers: the interrelation of operations between the companies, common management, centralized control of labor relations, and common ownership." *Keeton v. Time Warner Cable*, No. 2:09-CV-1085, 2011 WL 2618926, at *3 (S.D. Ohio July 1, 2011) (citing *Int'l Longshoremen's Ass'n, AFL CIO, Local Union No. 1937 v. Norfolk Southern*, 927 F.2d 900, 902 (6th Cir. 1991)). Since companies and individuals can be employers under the FLSA, the same test can be applied to the three Defendants in this case.

The Complaint contains ample information to show Defendant Smith and Durgin, as owners of Defendant Fun Times Pool & Spa, LLC, and Fun Times Pool & Spa, LLC, are joint employers. The Complaint provides that all three Defendants had the authority to hire and fire employees, control work conditions, and importantly for this case, determine the rate and method of pay. (Compl. ¶¶ 9, 11, 13.) Plaintiff also explains that all three Defendants consented too, ratified, and authorized the acts of the others and there was common control and ownership. (*Id.* ¶¶ 15, 20–21.) Accordingly, Plaintiff has shown each Defendant is liable for the violation of the overtime provisions of the FLSA and Ohio law. *Heard*, 2017 WL 2426683 at *4 (citing 29 U.S.C. § 207(a); Ohio Rev. Code §§ 4111.03(A), 3111.10(A)).

Plaintiff asserts he is entitled to $5,250 in unpaid overtime and $10,500 in liquidated damages. (Mot. Default J. at Ex 1.) "[A]n employee bringing . . . suit [under the FLSA] has the 'burden of proving he performed work for which he was not properly compensated.'" *Monroe*

5

*FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery CO.*, 328 U.S. 680, 686–87 (1946)).  "Estimates may suffice under this standard because 'inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records.'"  *Long v. Morgan*, No. 2:17-cv-73, 2020 WL 1514560, at *2 (M.D. Ohio Mar. 30, 2020) (citing *Monroe*, 860 F.3d at 412).

Plaintiff has provided an affidavit attesting to his damages.  (*See id.*)  The Court finds Plaintiff's affidavit sufficient evidence to show the damages in this case.  Plaintiff states he worked approximately 55 hours per week and was paid $20 per hour for every hour worked.  (Mot. Def. J. at Ex. 1.)  Defendants have not come forth with any evidence disputing the estimate or detailing any different or more precise number of hours Plaintiff worked.  Thus, the Court will grant the motion for damages based on the unopposed affidavit.  *See Long*, 2020 WL 1514560 at *2 (calculating FLSA damages on a motion for default judgment based on unopposed sworn declarations).  The Court also finds Plaintiff is entitled to liquidated damages based on the amount of overtime he is owed because there is no evidence to suggest Defendants acted in good faith.  *See id.*

In addition, Plaintiff requests post-judgement interest.  (*See* Mot. Default J. at 7.)  Due to Defendant's default and failure to respond, Plaintiff will likely be delayed in securing payment of the judgment.  The Court finds post-judgment interest is appropriate pursuant to 28 U.S.C. § 1961(a).  *See Gillette Co. v. Save & Disc. LLC*, 2016 U.S. Dist. LEXIS 90925, at *11–12 (S.D. Ohio July 13, 2016) (noting post-judgment interest is appropriate in a case where Plaintiff is likely to face delay in collecting payment due to Defendants' failure to participate in the lawsuit).  In calculating post-judgment interest, the rate of the 52-week Treasury Bill is an appropriate rate.  *Id.* (citing 28 U.S.C. § 1961); *Isaac Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998).

As of July 2, 2020, this rate was .16%.[2]  Compounded annually, this yields $0.07 in interest per day.[3]  Accordingly, Plaintiff is entitled to post-judgment interest from the date judgment is entered at a rate of $0.07 per day, until the judgment is paid.

Finally, Plaintiff asks the Court to allow him to file a motion for attorney's fees and costs. If an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs to the action."  29 U.S.C. § 216(b).  Thus, Plaintiff is permitted to file a motion for attorney's fees and costs.

### IV.

For the reasons stated, Plaintiff's motion for default judgment against Defendants (ECF No. 12) is **GRANTED.**

**IT IS SO ORDERED**.

7/20/2020                                                                  s/Edmund A. Sargus, Jr.
**DATED**                                                                  **EDMUND A. SARGUS, JR.**
                                                                           **UNITED STATES DISTRICT JUDGE**

---

[2]  *See https://www.treasury.gov/resource-center/data-chart-center/interest-rates/Pages/TextView.aspx?data=billrates* Accessed July 2, 2020.
[3] .0016/365 x $15,750 = $.069