UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRANT BERRY,**

      **Plaintiff,**

   v.

**FUN TIME POOL AND SPA,
INCORPORATED,** *et. al.***,**

      **Defendants.**

**Case No. 2:20-cv-1610
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura**

## OPINION AND ORDER

The matter before the Court is Plaintiff Brant Berry's ("Plaintiff") Motion for Award of Attorney's Fees and Costs (ECF No. 14). The time has passed to file a response and Defendant has not responded. Thus, the motion is ripe for review. For the reasons stated herein, the Motion (ECF No. 14) is **GRANTED**.

**I.**

Plaintiff filed this case against Defendants on March 28, 2020. Defendant Fun Time Pool and Spa, Inc. is a corporation owned by Defendants Allen Smith and Mark Durgin. (*Id.* ¶¶ 7, 10, 12.) Defendants are employers within the meaning of the FLSA because they had the authority to hire and fire employees, supervise and control schedules or conditions of employment, determine the rate and method of pay, and maintain employment records. (*Id.* ¶¶ 9, 11, 13.)

Plaintiff worked for Defendants from June of 2019 through January of 2020. (*Id.* ¶ 26.) Plaintiff performed general labor and other non-exempt tasks such as shoveling, operating a skid steer, concrete work, and pool installation. (*Id.* ¶ 28.) Defendants paid Plaintiff an hourly rate of $20 per hour regardless of how many hours per week Plaintiff worked. (*Id.* ¶¶ 27, 30.) Plaintiff worked between 50 and 60 hours each week and as many as 70 hours. (*Id.* ¶¶ 39–40.)

Defendants classified Plaintiff as an independent contractor but treated Plaintiff as an employee. (*Id.* ¶ 31.) Defendants paid, supervised, directed, disciplined, and scheduled Plaintiff, as an employer would. (*Id.* ¶ 31.) Importantly, Defendants controlled when, where, and how Plaintiff performed his work. (*Id.* ¶¶ 32, 35.)

As a result of Defendants' failure to pay Plaintiff overtime, Plaintiff alleged Defendants violated 29 U.S.C. § 207(a) and Ohio Revised Code § 4111. (*Id.* ¶¶ 42–43.) Plaintiff sought a total of $15,750.00. (*Id.* at 3.) The Court granted Plaintiff's motion for default judgment and awarded Plaintiff $15,750.00 (*See* Op. & Order, ECF No. 13.) Plaintiff now comes before the Court to ask for an award of attorney's fees. (*See* Mot. Award of Att'y's Fees & Costs, ECF No. 14, hereinafter "Mot. Att'y's fees".)

## II.

If an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs to the action." 29 U.S.C. § 216(b). With regard to attorney fees, a "[p]laintiff bears the burden of proving that the requested fees and expenses are reasonable." *Citizens Against Pollution v. Ohio Power Co.*, 484 F.Supp.2d 800, 808 (S.D. Ohio 2007) (citing *Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999)). "In determining what is reasonable, the general approach is to 'first determine the lodestar amount by multiplying the reasonable number of hours billed by a reasonable billing rate'" and "[t]here is a 'strong presumption that the lodestar represents the reasonable fee.'" *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557(1992)). In determining the reasonableness of fees, the Court is cognizant that "[t]he purpose of the FLSA attorney fees provision is to ensure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th

Cir. 1994). Further, "an award of attorney fees here encourages the vindication of congressionally identified policies and rights." *Id.* at 1134–35.

Plaintiff requests a total of $7,253.50. (Mot. Att'y's Fees at 4.) Plaintiff asserts Clifford P. Bendau, II spent 16.3 hours on this case and his reasonably hourly rate is $445. (*Id.*) This fee request is supported by an itemized list of the dates on which Ms. Bendau worked on this case, a description of his work, and the amount of time spent on the work. (*Id.* at Ex. D.) Additionally, the reasonableness of such fee is supported by Mr. Bendau's affidavit. (*Id.* at Ex. E.) Mr. Bendau asserts that he exercised billing judgment before recording his time and routinely did not enter time which he believed may have been duplicative and reduced time in which he felt he may have been inefficient. (*Id.*) Mr. Bendau also states he has personal knowledge of the rates in this market and they are comparable to his. (*Id.*)

The Court has reviewed the billing statement and finds no evidence of duplicative, unnecessary, or overly prolonged work. In fact, the time spent on this case was quite minimal. Additionally, the Court finds the documentation is "of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate, Tile Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 2984). Thus, the Court finds the loadstar is $7253.50.

The lodestar amount may be adjusted upwards or downwards based on a twelve-fact test. *Hensley v. Eckerhart*, 461 U.S. 424, 420 n.3 (1983). Plaintiff has not requested an upward adjustment. The Court finds no reason to adjust the fees downward. Accordingly, the Court finds that a requested fee award of $7253.50 is reasonable and Plaintiff is entitled to such an award.

Plaintiff also seeks to recover $422.05 in costs which consists of a $400 complaint filing fee and $22.05 in service costs. (Mot. Att'y's Fees at Ex. E.) The Court finds these costs reasonable and necessary to the litigation. *See Heard v. Nielson*, No. 1:16-cv-1002, 2017 WL 2426683, at *7 (S.D. Ohio June 2,2017). Thus, the Court will allow recovery of $422.05 in costs.

## III.

In sum, the Motion for an Award of Costs and Attorney's Fees (ECF No. 14) is **GRANTED**. Plaintiff is awarded $7253.50 in attorney's fees and $422.05 in costs. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED**.

| | |
|---|---|
| 8/18/2020 | s/Edmund A. Sargus, Jr. |
| **DATED** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |

4